## Sarah A. Curtis v. Margaret A. Humble et al.

1. FRAUD.—*Not to be Presumed.*—When relief is claimed upon the score of fraud perpetrated upon the complainant, the allegation of the bill must be proved. Fraud is not to be presumed.

**Memorandum.**—In equity. Bill for relief. Appeal from the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding. Heard in this court at the October term, 1894. Reversed and remanded. Opinion filed February 12, 1895.

MORAN, KRAUS & MAYER, attorneys for appellant.

MONK & ELLIOTT and SMOOT & EYER, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The chain of conveyances of the property which furnishes the subject of this suit is as follows :

December 7,1883. Warranty Deed. Margaret A. Humble and husband, lots 37 and 38, for stated consideration of $2,500, to James M. Allen.

September 1, 1884. Warranty Deed. James M. Allen and wife, and H. H. Armstead and wife, lots 37 and 38, for stated consideration of $3,000; real consideration $2,000, to James B. Armstead.

James B. Armstead and wife, lot 38 to secure note for $1,500, payable in five years from date to bearer, signed by J. B. Armstead, to J. E. Fay.

July 25, 1885. Warranty Deed. James B. Armstead and wife, lot 38 for stated consideration of $3,000, real consideration $800 cash, $400 note secured by trust deed, and $1,500 by assumption of notes and trust deed, *supra*, to Ida G. Williams.

The controversy is who shall have the money from the note of $1,500, made by J. B. Armstead and secured by the trust deed to Fay.

Mrs. Humble claims it because, as she says, she was cheated into the conveyance to Allen by a fraud to which he and the Armsteads were parties, and Miss Curtis claims it because, as she says, she bought the note in good faith, before maturity, from one McPherson, who was also a *bona fide* holder. It is not claimed that the doctrine that one who buys paper secured by a mortgage takes subject to all equities between the morgagor and the mortgagee, has any application to this case, for there is no claim by anybody that the note should not be paid; in fact Mrs. Williams has paid the money into court.

Mrs. Humble's case is that there was a mining company organized here, with the property in Utah, called the Frisco Consolidated Mining Company, with which Allen and both the Armsteads were connected, and that by false and fraudulent representations made to her husband, who acted for her, she was induced to convey the lots for 1,000 shares of $10 each in the corporation, taken by her as fully paid at the price of $2.50 per share. " They that will be rich fall into temptation."

Daniel Eyer was the secretary of the corporation. He and the Humbles lived at Highland Park, which is a suburb of Chicago.

Eyer and Mr. Humble " talked the matter over on the trains and got crazy over it," is the testimony of the latter.

There is no charge or hint that Eyer ever said a word that he did not believe to be true, and with good reasons; and substantially it was only upon what Eyer said, that Humble bought.

There are in the record letters dated October 11, 1883, one from Allen and the other from H. H. Armstead, to one Donaldson, who was in charge of the mine, directing him to put it in the best possible shape to present a false appearance on an inspection by Eyer, but there is no competent evidence that Donaldson obeyed, nor that the true condition of the mine at the time Eyer inspected it, in the fall of 1883, was not such as to justify an expert in saying all that Eyer said about it.

The bill claims relief upon the score of fraud perpetrated upon Mrs. Humble, which the evidence does not prove. Nor did Mrs. Humble nor her husband buy stock from Allen or either Armstead. She bought from the Mining Company and conveyed to Allen because the corporation did not buy real estate, and he and one of the Armsteads paid the company for the stock.

There are many other questions which it would be necessary to consider if the fraud were proved, some of them of great interest, and well deserving the consideration of the highest tribunal accessible. The decree is reversed and the cause remanded with directions to dismiss the bill of Mrs. Humble and award the money remaining in court to Miss Curtis. Costs here and in the Circuit Court to be paid by Mrs. Humble. Reversed and remanded.